Erwin *v.* Allied Van Lines, Inc.

5-3828                                401 S. W. 2d 25

Opinion delivered April 4, 1966

*Cole & Scott,* for appellant.

*Wootton, Land & Matthews,* for appellee.

Jim Johnson, Justice. This action for personal injuries and property damage was brought by appellant James E. Erwin in Hot Spring Circuit Court against appellees Allied Van Lines, Inc., Benton Van and Storage Company and James Hugh Ray on February 23, 1965. Appellant was driving from Pope County where he worked to his home in Malvern for the weekend on the evening of February 12, 1965, when he collided with the side of appellees' moving van which was pulling out of a truck stop. Appellant was injured and his car demolished, appellees' van and its cargo damaged. Appellees answered denying liability and prayed judgment against appellant for their damages. By amendment to the answer, appellees alleged appellant was under the influence of intoxicants at the time of the collision. The case came to trial before a jury on May 11, 1965, resulting in a verdict for appellees which awarded no damages on their cross-complaint. From judgment on the verdict comes this appeal.

Appellant contends for reversal that appellant's cause was prejudiced by the court's giving appellees'

requested instruction No. 1, in that the instruction was not justified by the evidence. Appellees requested and the court modified and gave an instruction to the jury about operating a motor vehicle under the influence of intoxicating beverages.

There was testimony that appellant had had something to drink shortly before the accident. A partly full whiskey bottle was found in appellant's glove compartment by a state trooper after the accident. Appellant and his passenger testified that they had stopped and had one or two beers on the way home but no whiskey, appellant stating he was not aware that a whiskey bottle was in his car. The state trooper testified that he could smell alcohol on appellant's breath. The facts in this case clearly indicate that the question of appellant's being "under the influence" was in issue and it was proper for the trial court to so instruct the jury. The jury was instructed in language similar to that contained in *Jones* v. *City of Forrest City*, 239 Ark. 211,388 S. W. 2d 386, and AMI 607. While we do not wish to approve the cumbersome instruction for future use (and therefore decline to set it out), we find the instruction objected to was not prejudicial.

Counsel for appellant, in harmony with their contention that the trial court should not have defined intoxication, criticize AMI 607 for its definition of that term. We do not now examine this AMI instruction, for it was not given in the trial court. We may appropriately observe, however, that this court has not given its blanket advance approval to the Arkansas model instructions. Our per curiam order, quoted on the inside front cover of AMI, simply gave effect to the work of the committee by directing that its instructions be used unless the trial court should find that they do not accurately state the law. A similar procedure has been adopted in other states where model instructions have been prepared.

Affirmed.